**Rule 1920.14. Answer. Denial. Affidavit under Section 3301(d) of the Divorce Code[.]**

(a)      The averments in the complaint as to the divorce or annulment, **[all other claims which]ancillary claims that** may be joined under the Divorce Code**,** and **[any petition]petitions** for special relief under these rules shall be deemed denied unless admitted by an answer. Notwithstanding the foregoing, the court may require a response to a petition for special relief.

(b)      The averments of the **[affidavit]Affidavit** under Section 3301(d) of the Divorce Code **and the Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code** shall be deemed admitted unless denied by counter**-**affidavit.

*Note:  See* **[Rule]Pa.R.C.P. No.** 1920.72(**[d]e)(2) and (3**) for the **[form of]** counter**-**affidavit**s**.

**[Explanatory Comment—1994**

**Subdivision (b) requires that the averments of the plaintiff's affidavit under Section 3301(d) of the Divorce Code be denied by counteraffidavit. If the defendant fails to file a counteraffidavit, all allegations are deemed admitted.**

**Explanatory Comment—2007**

**Subdivision (a) has been amended to clarify that the averments in a petition for special relief in a divorce or annulment action are deemed to be denied unless admitted by an answer.]**

## Explanatory Comment

**Subdivision (a) has been amended to clarify that the averments in a petition for special relief in a divorce or annulment action are deemed to be denied unless admitted by an answer.**

**Subdivision (b) has been amended to include divorces under Section 3301(c)(2) of the Divorce Code. The process for obtaining a divorce under Sections 3301(c)(2) and 3301(d) are similar. Subdivision (b) requires that the averments in the affidavit be denied by counter-affidavit and, as such, if the non-moving party fails to file a counter-affidavit denying the averments in the Affidavit to Establish Presumption of Consent or the Affidavit under Section 3301(d) of the Divorce Code, the affidavit's averments are deemed admitted.**

**-- The following text and Explanatory Comment
replaces Rule 1920.42 in its entirety --**

**Rule 1920.42. Obtaining Divorce Decrees under Section 3301(c) or Section 3301(d) of the Divorce Code. Affidavits and Counter-Affidavits. Requirements of the Affidavit of Consent. Ancillary Claims. Orders Approving Grounds for Divorce. Notice of Intention to File the Praecipe to Transmit Record. Praecipe to Transmit Record**

    (a)    *Obtaining a divorce decree under Section 3301(c)(1) of the Divorce Code.*

        (1)    If a party has filed a complaint requesting a divorce on the ground of irretrievable breakdown, the court shall enter a decree in divorce after:

            (i)    proof of service of the complaint has been filed;

            (ii)    the parties have signed Affidavits of Consent 90 days or more after service of the complaint and have filed the affidavits within 30 days of signing, which may only be withdrawn by an order of court;

            (iii)    the ancillary claims under Pa.R.C.P. Nos. 1920.31 and 1920.33 have been withdrawn by the party raising the claims, have been resolved by agreement of the parties or order of court, have not been raised in the pleadings, or in the case of a bifurcated divorce, the court has retained jurisdiction of the ancillary claims;

            (iv)    the parties have signed and filed Waivers of Notice of Intention to File the Praecipe to Transmit Record or, alternatively, the party requesting the divorce decree has served on the other party a Notice of Intention to File the Praecipe to Transmit Record, which included a blank Counter-Affidavit under Section 3301(c)(1) and a copy of the proposed Praecipe to Transmit Record that indicated the date and manner of service of the Notice of Intention to File the Praecipe to Transmit Record; and

            (v)    the party requesting the divorce decree has completed and filed a Praecipe to Transmit Record. If

3

the parties have not waived the Notice of Intention to File the Praecipe to Transmit Record, the moving party shall wait a minimum of 20 days after service of the Notice of Intention to File the Praecipe to Transmit Record before filing the Praecipe to Transmit Record.

*Note*: *See* Pa.R.C.P. No. 1920.72(b) for the Affidavit of Consent.

*See* Pa.R.C.P. No. 1920.73(a) for the Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.72(e)(1) for the Counter-Affidavit under Section 3301(c)(1) of the Divorce Code.

*See* Pa.R.C.P. No. 1920.73(b) for the Waiver of Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.73(c) for the Praecipe to Transmit Record.

(2) To the extent that grounds for divorce have been established under Section 3301(c)(1) of the Divorce Code as outlined in subdivision (a)(1)(ii) and the parties have been unable to resolve the ancillary claims, the court shall enter an order approving grounds for divorce after:

(i) the parties have signed and filed Waivers of Notice of Intention to File the Praecipe to Transmit Record or, alternatively, the party requesting the order approving grounds has served on the other party a Notice of Intention to File the Praecipe to Transmit Record, which included a blank Counter-Affidavit under Section 3301(c)(1) and a copy of the proposed Praecipe to Transmit Record that indicated the date and manner of service of the Notice of Intention to File the Praecipe to Transmit Record; and

(ii) the party requesting the order approving grounds has completed and filed a Praecipe to Transmit Record requesting the court enter an order approving grounds for divorce. If the parties have not waived the Notice of Intention to File the Praecipe to Transmit Record, the moving party shall wait a minimum of 20 days after service of the Notice of Intention to File the

Praecipe to Transmit Record before filing the Praecipe to Transmit Record. If the court enters an order approving grounds for divorce, entry of the divorce decree shall be deferred until the ancillary claims have been resolved.

*Note: See* Pa.R.C.P. No. 1920.73(a) for the Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.73(b) for the Waiver of Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.73(c) for the Praecipe to Transmit Record.

(3) After the court enters an order approving grounds for divorce, a party may request, consistent with the judicial district's local rules and procedures, that the court either hears the ancillary claims or appoints a master to hear the ancillary claims as outlined in Pa.R.C.P. No. 1920.51.

*Note: See* Pa.R.C.P. No. 1920.74 for the Motion for Appointment of Master.

(4) If the parties resolve the ancillary claims by agreement after the court approves the grounds for the divorce but before the court enters an order disposing of the ancillary claims, the parties shall file a Praecipe to Transmit Record requesting the court enter the appropriate divorce decree. To the extent the agreement does not address all of the parties' claims raised in the pleadings, the party raising the outstanding claims shall withdraw the claims before the court enters a divorce decree.

(b) *Obtaining a divorce decree under Section 3301(c)(2) of the Divorce Code.*

(1) If a party has filed a complaint requesting a divorce on the ground of irretrievable breakdown and a party has been convicted of a personal injury crime against his or her spouse, the court shall enter a decree in divorce after:

(i) proof of service of the complaint has been filed;

(ii) the party who is the victim of the personal injury crime:

(A)     has signed and filed an Affidavit of Consent consistent with subdivision (a)(1)(ii); and

(B)     has signed and filed an Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code alleging his or her status as a victim of a personal injury crime and that his or her spouse has been convicted of that crime;

(iii)     the filed affidavits and a blank Counter-Affidavit under Section 3301(c)(2) of the Divorce Code have been served on the other party consistent with Pa.R.C.P. No. 1930.4, and the other party has admitted or failed to deny the averments in the Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code;

(A)     If a party files a Counter-Affidavit under Section 3301(c)(2) of the Divorce Code denying an averment in the Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code, either party may present a motion requesting the court resolve the issue.

(B)     After presentation of the motion in subdivision (A), the court may hear the testimony or, consistent with Pa.R.C.P. No. 1920.51(a)(1)(ii)(D), appoint a master to hear the testimony and to issue a report and recommendation.

*Note*:  This subdivision requires service of the counter-affidavit on the non-moving party consistent with original process since the averments in the moving party's Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code are deemed admitted unless denied.  *See* Pa.R.C.P. No. 1930.4 for service of original process and Pa.R.C.P. No. 1920.14(b) regarding failure to deny averments in the affidavit.

(iv)     the ancillary claims under Pa.R.C.P. Nos. 1920.31 and 1920.33 have been withdrawn by the party raising the claims, have been resolved by agreement

6

of the parties or order of court, have not been raised in the pleadings, or in the case of a bifurcated divorce, the court has retained jurisdiction of the ancillary claims;

(v) a minimum of 20 days from the date of service of the affidavits and blank Counter-Affidavit under Section 3301(c)(2) as set forth in (b)(1)(iii), the party requesting the divorce decree has served on the other party a Notice of Intention to File the Praecipe to Transmit Record, which included a copy of the proposed Praecipe to Transmit Record that indicated the date and manner of service of the Notice of Intention to File the Praecipe to Transmit Record, except that service of such Notice of Intention is not required if:

(A) the parties have signed and filed Waivers of Notice of Intention to File the Praecipe to Transmit Record; or

(B) the court finds that an attorney has not entered an appearance on the defendant's behalf and that the defendant cannot be located after a diligent search; and

(vi) the party requesting the divorce decree has completed and filed a Praecipe to Transmit Record. If the parties have not waived the Notice of Intention to File the Praecipe to Transmit Record, the moving party shall wait a minimum of 20 days after service of the Notice of Intention to File the Praecipe to Transmit Record before filing the Praecipe to Transmit Record.

*Note*: *See* Pa.R.C.P. No. 1920.72(b) for the Affidavit of Consent.

*See* Pa.R.C.P. No. 1920.72(c) for the Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code.

*See* Pa.R.C.P. No. 1920.72(e)(2) for the Counter-Affidavit under Section 3301(c)(2) of the Divorce Code.

*See* Pa.R.C.P. No. 1920.73(a) for the Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.73(b) for the Waiver of Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.73(c) for the Praecipe to Transmit Record.

(2)     To the extent that grounds for divorce have been established under Section 3301(c)(2) of the Divorce Code as outlined in subdivision (b)(1)(ii) - (iii) and the parties have been unable to resolve the ancillary claims, the court shall enter an order approving grounds for divorce after:

(i)     a minimum of 20 days from the date of service of the affidavits and blank Counter-Affidavit under Section 3301(c)(2) of the Divorce Code as set forth in (b)(1)(iii), the party requesting the order approving grounds has served on the other party a Notice of Intention to File the Praecipe to Transmit Record, which included a copy of the proposed Praecipe to Transmit Record that indicated the date and manner of service of the Notice of Intention to File the Praecipe to Transmit Record, except that service of such Notice of Intention is not required if:

(A)     the parties have signed and filed Waivers of Notice of Intention to File the Praecipe to Transmit Record; or

(B)     the court finds that an attorney has not entered an appearance on the defendant's behalf and that the defendant cannot be located after a diligent search; and

(ii)     the party requesting the order approving grounds has completed and filed a Praecipe to Transmit Record requesting the court enter an order approving grounds for divorce.  If the parties have not waived the Notice of Intention to File the Praecipe to Transmit Record, the moving party shall wait a minimum of 20 days after service of the Notice of Intention to File the Praecipe to Transmit Record before filing the Praecipe to Transmit Record.  If the court enters an order approving grounds for divorce, entry of the divorce decree shall be deferred until the ancillary claims have been resolved.

*Note: See* Pa.R.C.P. No. 1920.73(a) for the Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.73(b) for the Waiver of Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.73(c) for the Praecipe to Transmit Record.

(3)     After the court enters an order approving grounds for divorce, a party may request, consistent with the judicial district's local rules and procedures, that the court either hears the ancillary claims or appoints a master to hear the ancillary claims as outlined in Pa.R.C.P. No. 1920.51.

*Note: See* Pa. R.C.P. No. 1920.74 for the Motion for Appointment of Master.

(4)     If the parties resolve the ancillary claims by agreement after the court approves the grounds for the divorce but before the court enters an order disposing of the ancillary claims, the parties shall file a Praecipe to Transmit Record requesting the court enter the appropriate divorce decree.  To the extent the agreement does not address all of the parties' claims raised in the pleadings, the party raising the outstanding claims shall withdraw the claims before the court enters a divorce decree.

(c)     *Obtaining a divorce decree under Section 3301(d) of the Divorce Code.*

(1)     If a party has filed a complaint requesting a divorce on the ground of irretrievable breakdown and the requisite separation period has elapsed, the court shall enter a decree in divorce after:

(i)      proof of service of the complaint has been filed;

(ii)     a party has signed and filed an Affidavit under Section 3301(d) of the Divorce Code averring that the marriage is irretrievably broken and that the parties have been separate and apart for the required separation period;

(iii)    the filed affidavit and a blank Counter-Affidavit under Section 3301(d) of the Divorce Code have been served on the other party consistent with Pa.R.C.P. No. 1930.4, and the other party has admitted or failed

9

to deny the averments in the Affidavit under Section 3301(d) of the Divorce Code;

(A) If a party files a Counter-Affidavit under Section 3301(d) of the Divorce Code denying an averment in the Affidavit under Section 3301(d) of the Divorce Code, including the date of separation, either party may present a motion requesting the court resolve the issue.

(B) After presentation of the motion in subdivision (A), the court may hear the testimony or, consistent with Pa.R.C.P. No. 1920.51(a)(1)(ii)(D), appoint a master to hear the testimony and to issue a report and recommendation.

*Note*: This subdivision requires service of the counter-affidavit on the non-moving party consistent with original process since the averments in the moving party's Affidavit under § 3301(d) of the Divorce Code are deemed admitted unless denied. *See* Pa.R.C.P. No. 1930.4 for service of original process and Pa.R.C.P. No. 1920.14(b) regarding failure to deny averments in the affidavit.

(iv) the ancillary claims under Pa.R.C.P. Nos. 1920.31 and 1920.33 have been withdrawn by the party raising the claims, have been resolved by agreement of the parties or order of court, have not been raised in the pleadings, or in the case of a bifurcated divorce, the court has retained jurisdiction of the ancillary claims;

(v) a minimum of 20 days from the date of service of the affidavit and blank Counter-Affidavit under Section 3301(d) of the Divorce Code as set forth in (c)(1)(iii), the party requesting the divorce decree has served on the other party a Notice of Intention to File the Praecipe to Transmit Record, which included a copy of the proposed Praecipe to Transmit Record that indicated the date and manner of service of the Notice of Intention to File the Praecipe to Transmit Record, except that service of such Notice of Intention is not required if:

> > (A)  the parties have signed and filed Waivers of Notice of Intention to File the Praecipe to Transmit Record; or
>
> > (B)  the court finds that an attorney has not entered an appearance on the defendant's behalf and that the defendant cannot be located after a diligent search; and
>
> (vi)  the party requesting the divorce decree has completed and filed a Praecipe to Transmit Record.  If the parties have not waived the Notice of Intention to File the Praecipe to Transmit Record, the moving party shall wait a minimum of 20 days after service of the Notice of Intention to File the Praecipe to Transmit Record before filing the Praecipe to Transmit Record.

*Note:  See* Pa.R.C.P. No. 1920.72(d) for the Affidavit under Section 3301(d) of the Divorce Code.

*See* Pa.R.C.P. No. 1920.72(e)(3) for the Counter-Affidavit under Section 3301(d) of the Divorce Code.

*See* Pa.R.C.P. No. 1920.73(a) for the Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.73(b) for the Waiver of Notice of Intention to File the Praecipe to Transmit Record.

*See* Pa.R.C.P. No. 1920.73(c) for the Praecipe to Transmit Record.

> (2)  To the extent that grounds for divorce have been established under Section 3301(d) of the Divorce Code as outlined in subdivision (c)(1)(ii) - (iii) and the parties have been unable to resolve the ancillary claims, the court shall enter an order approving grounds for divorce after:
>
> > (i)  a minimum of 20 days from the date of service of the affidavit and blank Counter-Affidavit under Section 3301(d) of the Divorce Code as set forth in (c)(1)(iii), the party requesting the order approving grounds has served on the other party a Notice of Intention to File the Praecipe to Transmit Record, which included a copy of the proposed Praecipe to Transmit Record that indicated the date and

11

manner of service of the Notice of Intention to File the Praecipe to Transmit Record, except that service of such Notice of Intention is not required if:

>(A) the parties have signed and filed Waivers of Notice of Intention to File the Praecipe to Transmit Record; or

>(B) the court finds that an attorney has not entered an appearance on the defendant's behalf and that the defendant cannot be located after a diligent search; and

>(ii) the party requesting the order approving grounds has completed and filed a Praecipe to Transmit Record requesting the court enter an order approving grounds for divorce. If the parties have not waived the Notice of Intention to File the Praecipe to Transmit Record, the moving party shall wait a minimum of 20 days after service of the Notice of Intention to File the Praecipe to Transmit Record before filing the Praecipe to Transmit Record. If the court enters an order approving grounds for divorce, entry of the divorce decree shall be deferred until the ancillary claims have been resolved.

*Note:* See Pa.R.C.P. No. 1920.73(a) for the Notice of Intention to File the Praecipe to Transmit Record.

See Pa.R.C.P. No. 1920.73(b) for the Waiver of Notice of Intention to File the Praecipe to Transmit Record.

See Pa.R.C.P. No. 1920.73(c) for the Praecipe to Transmit Record.

>(3) After the court enters an order approving grounds for divorce, a party may request, consistent with the judicial district's local rules and procedures, that the court either hears the ancillary claims or appoints a master to hear the ancillary claims as outlined in Pa.R.C.P. No. 1920.51.

*Note:* See Pa.R.C.P. No. 1920.74 for the Motion for Appointment of Master.

>(4) If the parties resolve the ancillary claims by agreement after the court approves the grounds for the divorce but before the court

12

enters an order disposing of the ancillary claims, the parties shall file a Praecipe to Transmit Record requesting the court enter the appropriate divorce decree. To the extent the agreement does not address all of the parties' claims raised in the pleadings, the party raising the outstanding claims shall withdraw the claims before the court enters a divorce decree.

**Explanatory Comment — 2019**

On April 21, 2016, Act 24 of 2016 (Act of Apr. 21, 2016, P.L. 166, No. 24) amended the Divorce Code by adding 23 Pa.C.S. § 3301(c)(2). Section 3301(c)(2) creates a presumption of consent to a divorce if a party is the victim of a personal injury crime committed by his or her spouse, as outlined in 23 Pa.C.S. § 3103. The Act amended other correlative statutes in the Divorce Code, as well. To effectively incorporate procedures for the newly enacted Section 3301(c)(2) into the Rules of Civil Procedure, Pa.R.C.P. No. 1920.42 was rescinded and replaced.

In implementing Section 3301(c)(2), the rule utilizes an affidavit/counter-affidavit procedure similar to a Section 3301(d) divorce, which served as a template for the new procedure. The process for establishing the presumption of consent in Section 3301(c)(2) requires the party to aver in an affidavit that he or she had been the victim of a personal injury crime and that his or her spouse had been convicted of that personal injury crime. In response, the allegedly convicted spouse may oppose the establishment of the presumption by completing and filing a counter-affidavit. If the allegedly convicted spouse opposes the establishment of the presumption, the court may either schedule a hearing on the establishment of the presumption or appoint a master to do so. As part of the revised divorce procedures, amended Pa.R.C.P. No. 1920.51(a)(1) permits the appointment of a master for a determination of the presumption under Section 3301(c)(2). To effectuate the new procedures for Section 3301(c)(2) divorces, several additional forms, including an Affidavit to Establish Presumption of Consent and a Counter-Affidavit under Section 3301(c)(2), have been added to the rules. *See* Pa.R.C.P. No. 1920.72(c) and (e)(2).

In addition to the changes to the rule related to 23 Pa.C.S. § 3301(c)(2), the rule has been further revised to provide a uniform practice across the Commonwealth for establishing a definitive point when the parties can move the court for resolution of any ancillary claims. As the court cannot resolve the ancillary claims until grounds for divorce have been established, Pa.R.C.P. No. 1920.42 includes procedures for obtaining approval of grounds for divorce in cases in which the parties have unresolved ancillary claims. This process requires that the parties obtain a court order approving grounds for divorce before seeking the appointment of a divorce master or requesting the court hear the ancillary claims raised in the pleadings. Forms have been correlatively amended or retitled to reflect this new procedure. The Waiver of Notice of Intention has been moved from Pa.R.C.P. No. 1920.72 to Pa.R.C.P. No. 1920.73.

As a result of these changes, Pa.R.C.P. No. 1920.42 specifically outlines the process for obtaining a decree for Section 3301(c)(1), Section 3301(c)(2), and Section 3301(d) divorces. Although the rule's length has expanded extensively, the detailed procedure alleviates confusion on when and how to obtain a divorce decree and further assists unrepresented parties to maneuver through a complicated procedure.

**Rule 1920.45. Counseling[.]**

(a)　**[When counseling is provided for in the Divorce Code]If the Divorce Code provides for counseling**, the parties shall be notified of the availability of counseling as prescribed **[by Rules]in Pa.R.C.P. Nos.** 1920.12(a)(8) and 1920.71.

*Note:  See* **Section 3302 of the Divorce Code for the divorce actions in which the parties may request counseling, but note the counseling exceptions in Section 3302(g).**

**[(b)　The court shall maintain and make available to all parties in the prothonotary's office a list of qualified professionals who provide counseling services.]**
**(b)　The court shall maintain in the prothonotary's office a list of qualified professionals that provide counseling services, which shall be available to the parties upon request.**

*Note*:  Section 3103 of the Divorce Code defines the term "qualified professionals."

**[(c)(1) When the ground for divorce is under Section 3301(c) of the Divorce Code and counseling is requested by either party, the counseling must be completed within ninety days after filing the complaint.**

*Note*:  *See* **Section 3302(b) of the Divorce Code providing for the ninety-day period.**

**(2)　When the ground for divorce is under Section 3301(d) of the Divorce Code and the court orders counseling, it must be completed within one hundred twenty days unless the parties agree to a longer period.]**

**(c)　If the ground for divorce is under:**

　　**(1)　Section 3301(c) of the Divorce Code and the court orders counseling as requested by a party, the parties must complete counseling within 90 days of the divorce complaint's filing; or**

　　**(2)　Section 3301(d) of the Divorce Code and a court orders counseling, the parties must complete counseling within 120 days, unless the parties agree to a longer period.**

*Note*:  *See* Section 3301(d)(2) of the Divorce Code providing for a period "not less than 90 days nor more than 120 days..."

15

(d)      If the **court has referred a divorce** action **[for divorce has been referred]** to a master and **[there is a request for]**a party requests counseling pursuant to the Divorce Code, **[the master,]** without leave of court, **the master** may require counseling and continue the hearing pending the counselor's report.

**[*Note: See* Section 3302 of the Divorce Code for the instances in which counseling may be requested or required.]**

**Rule 1920.46.  Affidavit of Non-Military Service[.]**

       If the defendant fails to appear in the action, the plaintiff shall file an affidavit regarding military service with the motion for appointment of a master, prior to a trial by the court, or with the plaintiff's affidavit required by **[Rule]Pa.R.C.P. No.** 1920.42**[(a)(2)](b)(1)(ii) and (c)(1)(ii)**.

       *Note*:  The Servicemembers Civil Relief Act, **[50 App. U.S.C.A. Section 521]50 U.S.C. §§ 3901- 4043**, requires that in cases in which the defendant does not make an appearance, the plaintiff must file an affidavit of non-military service before the court may enter judgment. If the defendant is in the military service and an attorney has not entered an appearance on behalf of the defendant, **[no]a** judgment **[may]shall not** be entered until the court appoints an attorney to represent the defendant and protect his or her interest.

       **[Rule 1920.42(a)(2) governs an action]Actions** for divorce under Section 3301**(c)(2) and** (d)(1)(i) of the Divorce Code **are governed by Pa.R.C.P. No. 1920.42(b) and (c), respectively**.

* * *

**Rule 1920.51. Hearing by the Court. Appointment of Master. Notice of Hearing[.]**

[(a)　(1)　The court may hear the testimony or, upon motion of a party or of the court, the court may appoint a master to hear the actions and ancillary claims specified in subdivision (a)(2)(i) and issue a report and recommendation. The order of appointment shall specify the actions and ancillary claims that are referred to the master.

(2)　(i)　The court may appoint a master in an action of divorce under Section 3301(a), (b), and (d)(1)(ii) of the Divorce Code, an action for annulment, and the ancillary claims for alimony, equitable division of marital property, partial custody, counsel fees, and costs and expenses, or any aspect of those actions or claims.

(ii)　If there are no claims other than divorce, no master may be appointed to determine grounds for divorce if either party has asserted grounds for divorce pursuant to § 3301(c) or § 3301(d)(1)(i) of the Divorce Code. A master may be appointed to hear ancillary economic claims in a divorce action pursuant to § 3301(c) or § 3301(d) of the Divorce Code. The master may be appointed to hear ancillary economic claims prior to the entry of a divorce decree if grounds for divorce have been established.

(iii)　No master may be appointed in a claim for legal, physical or shared custody or paternity.

*Note:* Section 3321 of the Divorce Code, 23 Pa.C.S. § 3321, prohibits the appointment of a master as to the claims of custody and paternity.

(3)　The motion for the appointment of a master and the order shall be substantially in the form prescribed by Rule 1920.74.

(4)　A permanent or standing master employed by, or under contract with, a judicial district or appointed by the court shall not practice family law before a conference officer, hearing officer, permanent or standing master, or judge of the same judicial district.

*Note:* Hearing conference officers preside at office conferences under Rule 1910.11. Hearing officers preside at hearings under Rule 1910.12. The appointment of masters to hear actions in divorce or for annulment of marriage is authorized by Rule 1920.51.]

(a)　In an action of divorce or annulment:

**(1)** the court may:

    **(i)** hear the testimony; or

    **(ii)** upon motion of a party or of the court, appoint a master:

        **(A)** before entry of the divorce decree to hear the testimony for the ancillary claims of alimony, equitable division of marital property, partial physical custody, supervised physical custody, counsel fees, and costs and expenses, which are raised in the pleadings, and to issue a report and recommendation, provided that grounds for divorce under Sections 3301(c) or 3301(d) of the Divorce Code have been established and approved by the court as outlined in Pa.R.C.P. No. 1920.42;

        **(B)** before approving grounds for divorce under Sections 3301(c) or 3301(d) of the Divorce Code for the limited purpose of assisting the parties and the court on issues of discovery or settlement;

        **(C)** to hear the testimony for establishing grounds for divorce under Sections 3301(a) or 3301(b) of the Divorce Code or annulment and the ancillary claims, which are raised in the pleadings, and to issue a report and recommendation; or

        **(D)** after a party files a counter-affidavit denying the averments in the affidavit in an action under Section 3301(c)(2) or 3301(d) of the Divorce Code, including the date of separation, to hear the testimony and to issue a report and recommendation.

**(2)** the court shall not appoint a master:

19

**(i)** to approve grounds for divorce under Sections 3301(c) or 3301(d) of the Divorce Code; or

*Note:* *See* Pa.R.C.P. No. 1920.42 for approving grounds for divorce under Sections 3301(c) and 3301(d) of the Divorce Code.

**(ii)** for the claims of legal custody, sole physical custody, primary physical custody, shared physical custody, or paternity.

*Note:* Section 3321 of the Divorce Code prohibits the appointment of a master as to the claims of custody and paternity. However, as set forth in Pa.R.C.P. No. 1920.91(3), the Supreme Court of Pennsylvania suspended Section 3321 insofar as that section prohibits the appointment of masters in partial physical custody cases.

**(3)** The Motion for the Appointment of a Master and the order shall be substantially in the form prescribed by Pa.R.C.P. No. 1920.74. The order appointing the master shall specify the issues or ancillary claims that are referred to the master.

**(4)** A permanent or standing master employed by or under contract with a judicial district or appointed by the court shall not practice family law before a conference officer, hearing officer, permanent or standing master, or judge of the same judicial district.

*Note:* Conference officers preside at office conferences under Pa.R.C.P. No. 1910.11. Hearing officers preside at hearings under Pa.R.C.P. No. 1910.12. The appointment of master to hear actions in divorce or annulment is authorized by Section 3321 of the Divorce Code.

* * *

## Explanatory Comment — 2019

**Subdivision (a)(1)(ii)(A) provides for the appointment of a master to hear, *inter alia*, partial physical custody cases. The authority for a master to hear partial physical custody cases is 23 Pa.C.S. § 3321, which the Supreme Court of Pennsylvania suspended in part to allow masters to hear partial physical custody cases. However, this rule should not be construed to require a court to appoint masters in partial physical custody or supervised physical custody cases. Nor should the rule be construed as inconsistent with Pa.R.C.P. Nos. 1915.4-1, 1915.4-2, or 1915.4-3 that provide for conference officers and hearing officers in custody cases.**

**Rule 1920.53. Hearing by Master. Report[.]**

In an action for divorce or annulment **[which]**that has been referred to a master, the master's report **and recommendation** shall include findings of fact, conclusions of law**,** and a recommended disposition of the case **or issue**.

(a)    The findings of fact shall include**, as appropriate for the circumstances and issues before the master:**

    (1)    the method and date of service of process**[.]**;

    (2)    the manner and date of service of the notice of the master's hearing or the master's efforts to notify the **[defendant]**parties**[.]**;

    (3)    the date and place of marriage**[.]**;

    (4)    information relating to any prior marriage of **[either party]**the parties and proof of dissolution of such prior marriage**[.]**;

    (5)    the residences of the parties at the time of the marriage and subsequent thereto, the actual length of time the parties have resided in the Commonwealth, and whether the residence requirement of Section 3104(b) of the Divorce Code has been met**[.]**;

    (6)    the age and occupation of **[each party.]**the parties;

    (7)    the **[name]**initials and age of **[each child]**the children of the parties, if any, and with whom **[each]**the children reside**[s.]**;

    (8)    the grounds upon which the action is based**[.]**;

    (9)    defenses to the action, if any**[, and]**;

    (10)    whether **the court should grant or deny** the divorce **[should be granted], annulment, or other relief** on the basis of the complaint**[ or],** the counterclaim, if filed**, or a motion requesting relief; and**

    **(11)    other relevant facts related to the appointment.**

(b)    The conclusions of law shall include a discussion of the law as it relates to the facts, as well as the legal conclusions reached by the master.

(c)     **[The report shall include the master's recommendation that the divorce or annulment be granted or denied. ]**If **a** divorce or **an** annulment is recommended, the master shall attach a proposed decree **to the report and recommendation**.

**Rule 1920.72. Form of Complaint. Affidavit<u>s</u> under [§]<u>Section</u> 3301(c) or [§]<u>Section</u> 3301(d) of the Divorce Code. [Counter-affidavit]<u>Counter-Affidavits</u>[. Waiver of Notice of Intention to Request Decree under § 3301(c) and § 3301(d)]**

(a)     The complaint in an action of divorce under **[§]<u>Section</u>** 3301(c) or **<u>Section</u>** 3301(d) shall begin with the Notice to Defend and Claim Rights required by **[Rule]<u>Pa.R.C.P. No.</u>** 1920.71 and shall be substantially in the following form:

\* \* \*

(b)     The **[affidavit of consent]<u>Affidavit of Consent</u>** required by **[§]<u>Section</u>** 3301(c) of the Divorce Code and **[Rule]<u>Pa.R.C.P. No.</u>** 1920.42(a)(1)**<u>(ii) or (b)(1)(ii)</u>** shall be substantially in the following form:

(Caption)

AFFIDAVIT OF CONSENT

1.     A Complaint in divorce under **[§]<u>Section</u>** 3301(c) of the Divorce Code was filed on _____ **and served on the defendant on** **_____**.
         (Date)                                                                                        **(Date)**

2.     The marriage of plaintiff and defendant is irretrievably broken and **[ninety]90** days have elapsed from the date of filing and service of the Complaint.

3.     I consent to the entry of a final decree of divorce after service of **[notice of intention to request entry of the decree]<u>the Notice of Intention to File Praecipe to Transmit Record</u>**.

I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: _____     _____
                                                          **[(Plaintiff)/(Defendant)]<u>(PLAINTIFF) (DEFENDANT)</u>**

**[(c)     The waiver permitted by Rule 1920.42(e) shall be in substantially the following form:**

**(Caption)**

**Waiver of Notice of Intention to Request
Entry of a Divorce Decree under**

24

**§ 3301(c) and § 3301(d) of the Divorce Code**

     **1.     I consent to the entry of a final decree of divorce without notice.**

     **2.     I understand that I may lose rights concerning alimony, division of property, lawyer's fees or expenses if I do not claim them before a divorce is granted.**

     **3.     I understand that I will not be divorced until a divorce decree is entered by the Court and that a copy of the decree will be sent to me immediately after it is filed with the prothonotary.**

     **I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.**

     **Date: _____   _____**
                                    **(PLAINTIFF) (DEFENDANT)]**

     **(c)    The Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code and required by Pa.R.C.P. No. 1920.42(b)(1)(ii)(B) shall be substantially in the following form:**

**---The text below is an entirely new form---**

(Caption)

**NOTICE**

     If you wish to deny any of the statements set forth in this affidavit, you must file a counter-affidavit within 20 days after this affidavit has been served on you or the statements will be admitted.

**AFFIDAVIT TO ESTABLISH PRESUMPTION OF CONSENT
UNDER SECTION 3301(c)(2) OF THE DIVORCE CODE**

1.     I am the victim of a personal injury crime as defined in 23 Pa.C.S. § 3103.

2.     My spouse was convicted of the crime averred in Paragraph 1 on _____insert date_____ in the Court of Common Pleas of _____insert county name_____ County.  The docket number(s) is/are _____insert docket number_____.

3.     The personal injury crime(s) for which my spouse was convicted:

Check all that apply:

☐ 18 Pa.C.S. Ch. 25 (relating to criminal homicide)
☐ 18 Pa.C.S. Ch. 27 (relating to assault)
☐ 18 Pa.C.S. Ch. 29 (relating to kidnapping)
☐ 18 Pa.C.S. Ch. 30 (relating to human trafficking)
☐ 18 Pa.C.S. Ch. 31 (relating to sexual offenses)
☐ 18 Pa.C.S. § 3301 (relating to arson and related offenses)
☐ 18 Pa.C.S. Ch. 37 (relating to robbery)
☐ 18 Pa.C.S. Ch. 49 Subch. B (relating to victim and witness intimidation)
☐ 75 Pa.C.S. § 3732 (relating to homicide by vehicle)
☐ 75 Pa.C.S. § 3742 (relating to accidents involving death or personal injury)

I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.


_____          _____
Date                                              (PLAINTIFF) (DEFENDANT)

(d)      The **[affidavit required by §]Affidavit under Section** 3301(d) of the Divorce Code **[and ]required by** Pa.R.C.P. No. 1920.42**[(a)(2)](c)(1)(ii)** shall be substantially in the following form:


(Caption)

**NOTICE**

If you wish to deny any of the statements outlined in this affidavit, you must file a counter-affidavit within 20 days after this affidavit has been served on you or the statements will be admitted.

**AFFIDAVIT UNDER SECTION 3301(d)**
**OF THE DIVORCE CODE**

1.      The parties to this action separated on _____insert date_____.

2.      Check (a) or (b):

☐      (a)      The date of separation was prior to December 5, 2016, and the parties have continued to live separate and apart for a period of at least two years.

26

☐ (b) The date of separation was on or after December 5, 2016, and the parties have continued to live separate and apart for a period of at least one year.

3. The marriage is irretrievably broken.

4. I understand that I may lose rights concerning alimony, division of property, lawyer's fees**, [or] costs and** expenses, **or other important rights** if I do not claim them before a divorce is granted.

I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: _____          _____
                           (PLAINTIFF) (DEFENDANT)

(e) ***Counter-Affidavits.***

(1) The **[counter-affidavit prescribed]Counter-Affidavit under Section 3301(c)(1) of the Divorce Code required** by Pa.R.C.P. No. 1920.42**[(d)(2) for a divorce under § 3301(c)](a)(1)(iv) and (a)(2)(i)** shall be substantially in the following form:

(Caption)

**COUNTER-AFFIDAVIT UNDER [§]SECTION 3301(c)(1) OF THE DIVORCE CODE**

I wish to claim economic relief**,** which may include alimony, division of property, lawyer's fees**[ or], costs and** expenses**,** or other important rights.

**[I understand that I must file my economic claims with the prothonotary in writing and serve them on the other party. If I fail to do so before the date set forth on the Notice of Intention to Request Divorce Decree, the divorce decree may be entered without further notice to me, and I shall be unable thereafter to file any economic claims.]**
**I UNDERSTAND THAT I MUST ALSO FILE ALL OF MY ECONOMIC CLAIMS IN WRITING AND SERVE THEM ON THE OTHER PARTY.  IF I FAIL TO DO SO BEFORE THE DATE SET FORTH ON THE NOTICE OF INTENTION TO FILE THE PRAECIPE TO TRANSMIT RECORD, THE DIVORCE DECREE OR ORDER APPROVING GROUNDS FOR DIVORCE MAY BE ENTERED WITHOUT FURTHER**

**NOTICE TO ME, AND I MAY BE UNABLE THEREAFTER TO FILE ANY ECONOMIC CLAIMS.**

I verify that the statements made in this counter-affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Date: _____                    _____
                                                                              (PLAINTIFF) (DEFENDANT)

NOTICE: IF YOU DO NOT WISH TO CLAIM ECONOMIC RELIEF, YOU SHOULD NOT FILE THIS COUNTER-AFFIDAVIT.

> **(2)    The Counter-Affidavit under Section 3301(c)(2) of the Divorce Code required by Pa.R.C.P. No. 1920.42(b)(1)(iii) and (b)(2)(i) shall be substantially in the following form:**

**---The text below is an entirely new form---**

(Caption)

**COUNTER-AFFIDAVIT**
**UNDER SECTION 3301(c)(2) OF THE DIVORCE CODE**

1.    Check either (a) or (b):

☐    (a)    I do not oppose the entry of a divorce decree.

☐    (b)    I oppose the entry of a divorce decree because:

(Check (i), (ii), or both)

☐    (i)    I have not been convicted of a personal injury crime as defined in 23 Pa.C.S. § 3103.

☐    (ii)    My spouse was not the victim of a personal injury crime for which I have been convicted.

2.    Check (a), (b), or (c):

☐    (a)    I do not wish to make any claims for economic relief.  I understand that I may lose rights concerning alimony, division of property, lawyer's fees, costs and expenses, or other important rights if I do not claim them before a divorce is granted.

28

☐       (b)       I wish to claim economic relief, which may include alimony, division of property, lawyer's fees, costs and expenses, or other important rights.

I UNDERSTAND THAT IN ADDITION TO CHECKING 2(b), I MUST ALSO FILE ALL OF MY ECONOMIC CLAIMS IN WRITING AND SERVE THEM ON THE OTHER PARTY. IF I FAIL TO DO SO BEFORE THE DATE SET FORTH ON THE NOTICE OF INTENTION TO FILE THE PRAECIPE TO TRANSMIT RECORD, THE DIVORCE DECREE OR ORDER APPROVING GROUNDS FOR DIVORCE MAY BE ENTERED WITHOUT FURTHER NOTICE TO ME, AND I MAY BE UNABLE THEREAFTER TO FILE ANY ECONOMIC CLAIMS.

☐       (c)       Economic claims have been raised and are not resolved.

I verify that the statements made in this counter-affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.


Date: _____            _____
                                            (PLAINTIFF) (DEFENDANT)


NOTICE:       IF YOU DO NOT WISH TO OPPOSE THE ENTRY OF A DIVORCE DECREE OR ORDER APPROVING GROUNDS FOR DIVORCE AND YOU DO NOT WISH TO MAKE ANY CLAIM FOR ECONOMIC RELIEF, YOU SHOULD NOT FILE THIS COUNTER-AFFIDAVIT.

      **[(2)](3)**       The **[counter-affidavit prescribed by §]Counter-Affidavit under Section** 3301(d) of the Divorce Code **[and]required by** Pa.R.C.P. No. 1920.42**[(d)(2)](c)(1)(iii) and (c)(2)(i)** shall be substantially in the following form:


(Caption)

COUNTER-AFFIDAVIT UNDER **[§]SECTION** 3301(d)
OF THE DIVORCE CODE

1.       Check either (a) or (b):

☐       (a)       I do not oppose the entry of a divorce decree.

☐       (b)       I oppose the entry of a divorce decree because:

Check (i), (ii), (iii) or all:

☐     (i)       The parties to this action have not lived separate and apart for the required separation period: two years for parties that separated prior to December 5, 2016, and one year for parties that separated on or after December 5, 2016.

☐     (ii)      The marriage is not irretrievably broken.

☐     (iii)     There are economic claims pending.

(2)     Check (a), (b) or (c):

☐     (a)     I do not wish to make any claims for economic relief. I understand that I may lose rights concerning alimony, division of property, lawyer's fees**, [or]costs and expenses, or other important rights** if I do not claim them before a divorce is granted.

☐     (b)     I wish to claim economic relief**,** which may include alimony, division of property, lawyer's fees**, [or]costs and** expenses**,** or other important rights.

I UNDERSTAND THAT IN ADDITION TO CHECKING **(2)**(b)**[ ABOVE]**, I MUST ALSO FILE ALL OF MY ECONOMIC CLAIMS **[WITH THE PROTHONOTARY]** IN WRITING AND SERVE THEM ON THE OTHER PARTY. IF I FAIL TO DO SO BEFORE THE DATE SET FORTH ON THE NOTICE OF INTENTION TO **[REQUEST DIVORCE DECREE]FILE THE PRAECIPE TO TRANSMIT RECORD**, THE DIVORCE DECREE **OR ORDER APPROVING GROUNDS FOR DIVORCE** MAY BE ENTERED WITHOUT FURTHER NOTICE TO ME, AND I **[SHALL]MAY** BE UNABLE THEREAFTER TO FILE ANY ECONOMIC CLAIMS.

☐     (c)     Economic claims have been raised and are not resolved.

I verify that the statements made in this counter-affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: _____               _____

                                       (PLAINTIFF) (DEFENDANT)

NOTICE: IF YOU DO NOT WISH TO OPPOSE THE ENTRY OF A DIVORCE DECREE **OR ORDER APPROVING GROUNDS FOR DIVORCE** AND YOU DO NOT

WISH TO MAKE ANY CLAIM FOR ECONOMIC RELIEF, YOU SHOULD NOT FILE THIS COUNTER-AFFIDAVIT.

* * *

**Rule 1920.73. Notice of Intention to [Request Entry of Divorce Decree]File Praecipe to Transmit Record.  Waiver of Notice of Intention to File Praecipe to Transmit Record. Praecipe to Transmit Record[. Forms]**

(a)  ***Notice of Intention to File the Praecipe to Transmit Record.***

(1)  **[The notice of the intention to request entry of divorce decree prescribed by Rule 1920.42(d)]If there is an attorney of record, the Notice of Intention to File the Praecipe to Transmit Record required by Pa.R.C.P. No. 1920.42(a)(1)(iv), (a)(2)(i), (b)(1)(v), (b)(2)(i), (c)(1)(v), and (c)(2)(i),** shall be substantially in the following form**[ if there is an attorney of record]**:

(Caption)
**[NOTICE OF INTENTION TO REQUEST ENTRY
OF DIVORCE DECREE]
NOTICE OF INTENTION TO FILE
THE PRAECIPE TO TRANSMIT RECORD**

TO:  _____
     (PLAINTIFF/DEFENDANT)

_____ (PLAINTIFF/DEFENDANT) intends to file with the court the attached Praecipe to Transmit Record on or after _____, 20_____ requesting that **[a final decree in divorce be entered]the court enter a final decree in divorce or an order approving grounds for divorce as indicated on the proposed Praecipe to Transmit Record**.

_____
Attorney for (PLAINTIFF/DEFENDANT)

(2)  **If there is no attorney of record:**

(i)  The **[notice of the intention to request entry of a §  3301(c) divorce decree prescribed by Rule 1920.42(d)]Notice of Intention to File the Praecipe to Transmit Record required by Pa.R.C.P. No. 1920.42(a)(1)(iv) and (a)(2)(i)** shall be substantially in the following form**[ if there is no attorney of record]**:

(Caption)

32

**[NOTICE OF INTENTION TO REQUEST ENTRY OF**
**§ 3301(c) DIVORCE DECREE]**
**NOTICE OF INTENTION TO FILE**
**THE PRAECIPE TO TRANSMIT RECORD**
**UNDER SECTION 3301(c)(1) OF THE DIVORCE CODE**

TO:    _____
         (PLAINTIFF/DEFENDANT)

You have signed **[a § 3301(c) affidavit]an Affidavit of Consent under Section 3301(c) of the Divorce Code** consenting to the entry of a divorce decree. Therefore, on or after _____, 20\_\_\_, the other party can request the court to enter a final decree in divorce **or, if there are unresolved ancillary claims, an order approving grounds for divorce as indicated on the proposed Praecipe to Transmit Record, which is attached**.

Unless you have already filed with the court a written claim for economic relief, you must do so by the date in the paragraph above, or the court may grant the divorce **or, if there are unresolved ancillary claims, an order approving grounds for divorce** and you **[will]may** lose forever the right to ask for economic relief. The filing of the form counter-affidavit alone does not protect your economic claims.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

_____
(Name)
_____
(Address)
_____
(Telephone Number)

*Note:* The above lines are to be completed with the name, address**,** and telephone number of the officer, organization, agency**,** or person designated by the court in accordance with **[Rule]Pa.R.C.P. No.** 1018.1(c).

The date to be inserted in the first paragraph of the notice must be at least **[twenty]20** days after the date on which the notice was mailed or delivered.

    (ii)    The **[notice of the intention to request entry of § 3301(d) divorce decree prescribed by Rule 1920.42(d)]Notice of Intention to File the Praecipe to Transmit Record required by Pa.R.C.P. No. 1920.42(b)(1)(v), (b)(2)(i), (c)(1)(v), and (c)(2)(i)** shall be substantially in the following form**[ if there is no attorney of record]**:

(Caption)

**[NOTICE OF INTENTION TO REQUEST ENTRY
OF § 3301(d) DIVORCE DECREE]
<u>NOTICE OF INTENTION TO FILE
THE PRAECIPE TO TRANSMIT RECORD
UNDER SECTION 3301(c)(2) OR SECTION 3301(d) OF THE DIVORCE CODE</u>**

TO:    _____
        (PLAINTIFF/DEFENDANT)

You have been sued in an action for divorce. You have failed to answer the complaint or file a counter-affidavit to the **[§ 3301(d) affidavit]Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code or the Affidavit under Section 3301(d) of the Divorce Code**. Therefore, on or after _____, 20\_\_\_, the other party can request the court to enter a final decree in divorce **or, if there are unresolved ancillary claims, an order approving grounds for divorce as indicated on the proposed Praecipe to Transmit Record, which is attached**.

If you do not file **[with the prothonotary of the court]** an answer with your signature notarized or verified**[ or a counter-affidavit]** by the above date, the court can enter a final decree in divorce **or, if there are unresolved ancillary claims, an order approving grounds for divorce**. **[A counter-affidavit which you may file with the prothonotary of the court is attached to this notice.]**

Unless you have already filed with the court a written claim for economic relief, you must do so by the above date**,** or the court may grant the divorce **or an order approving grounds for divorce** and you **[will]may** lose forever the right to ask for economic relief. The filing of the form counter-affidavit alone does not protect your economic claims.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

_____
(Name)
_____
(Address)
_____
(Telephone Number)

*Note:* The above lines are to be completed with the name, address, and telephone number of the officer, organization, agency, or person designated by the court in accordance with **[Rule]Pa.R.C.P. No.** 1018.1(c).

The date to be inserted in the first paragraph of the notice must be at least **[twenty]20** days after the date on which the notice was mailed or delivered.

**(b)      The Waiver of Notice of Intention to File the Praecipe to Transmit Record permitted by Pa.R.C.P. No. 1920.42(a)(1)(iv), (a)(2)(i), (b)(1)(v), (b)(2)(i), (c)(1)(v), and (c)(2)(i) shall be substantially in the following form:**

**---The text below is an entirely new form---**

(Caption)

WAIVER OF NOTICE OF INTENTION TO FILE
THE PRAECIPE TO TRANSMIT RECORD

1.      Without further notice, I consent to the entry of:

☐      a final decree of divorce; or

☐      an order approving grounds for divorce.

2.      I understand that I may lose rights concerning alimony, equitable division of property, lawyer's fees, costs and expenses, or other important rights if I do not claim them before a divorce is granted.

35

3.      I understand that I will not be divorced until a divorce decree is entered by the Court and that a copy of the decree will be sent to me immediately after it is filed.

I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: _____     _____

                       (PLAINTIFF) (DEFENDANT)


      ([b]c)  The **[praecipe to transmit the record prescribed by Rule]Praecipe to Transmit Record required by Pa.R.C.P. No.** 1920.42**(a)(1)(v), (a)(2)(ii), (b)(1)(vi), (b)(2)(ii), (c)(1)(vi), and (c)(2)(ii)** shall be **[in]** substantially **in** the following form:

**[(Caption)**

**PRAECIPE TO TRANSMIT RECORD**

**To the Prothonotary:**

      **Transmit the record, together with the following information, to the court for entry of a divorce decree:**

**1.      Grounds for divorce: irretrievable breakdown under Section (3301(c)) Section (3301(d)(1)) of the Divorce Code. (Strike out inapplicable section).**

**2.      Date and manner of service of the complaint:_____**

**3.      Complete either paragraph (a) or (b).**

      **(a)      Date of execution of the affidavit of consent required by Section 3301(c) of the Divorce Code: by plaintiff:      ; by defendant:**
   **.**

      **(b)(1) Date of execution of the affidavit required by Section 3301(d) of the Divorce Code: _____;**
      **(2) Date of filing and service of the Section 3301(d) affidavit upon the opposing party: _____.**

**4.     Related claims pending:_____**
**_____.**

**5.**     **Complete either (a) or (b).**

       **(a)**     **Date and manner of service of the notice of intention to file praecipe a copy of which is attached:** _____.

       **(b)**     **Date plaintiff's Waiver of Notice was filed with the Prothonotary:**_____ _____.

       **Date defendant's Waiver of Notice was filed with the Prothonotary:**___ _____.

       **_____**
       **(Attorney for)(Plaintiff)(Defendant)]**

**---The text below replaces the current form in its entirety---**

(Caption)

## PRAECIPE TO TRANSMIT RECORD

To the Prothonotary:

Transmit the record, together with the following information, to the court for entry of (check one of the following):

☐     a divorce decree;

☐     a divorce decree with marital settlement agreement attached;

☐     a bifurcated divorce decree with the Court retaining jurisdiction over unresolved ancillary claims; or

☐     an order approving grounds for divorce with the Court retaining jurisdiction over unresolved ancillary claims.

1.     Check the applicable section of the Divorce Code.

Grounds for divorce: irretrievable breakdown under:

☐     Section 3301(c)(1)

☐     Section 3301(c)(2)

37

☐ Section 3301(d)

2. Service of the Complaint:

    (a) Date served: _____ .

    (b) Manner of service: _____ .

3. Complete either paragraph (a) or (b).

    (a) **Section 3301(c)(1) or (2) of the Divorce Code** - Insert the date each party signed the Affidavit of Consent, and if the ground for divorce is under Section 3301(c)(2) of the Divorce Code, insert the date the spouse was convicted of the personal injury crime identified in 23 Pa.C.S. § 3103 next to the appropriate party and complete (1) and (2).

        Plaintiff: _____ ;
        Defendant: _____ .

        (1) The date the party signed the Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code: _____ ;

        (2) The date of filing and manner of service of the Affidavit to Establish Presumption of Consent under Section 3301(c)(2) of the Divorce Code and a blank Counter-Affidavit under Section 3301(c)(2) upon the other party: _____ .

    (b) **Section 3301(d) of the Divorce Code:**

        (1) The date the Affidavit under Section 3301(d) of the Divorce Code was signed: _____ ;

        (2) Date of filing and manner of service of the Affidavit under Section 3301(d) of the Divorce Code and blank Counter-Affidavit under Section 3301(d) of the Divorce Code upon the other party: _____ .

4. Related ancillary claims pending: _____ .

5. Complete either (a) or (b).

   (a)  Notice of Intention to File the Praecipe to Transmit Record:

     (1)  Date served: _____ .

     (2)  Manner of service: _____ .

   (b)  The date of filing of the party's Waiver of Notice of Intention to File the Praecipe to Transmit Record:

     (1)  Plaintiff's Waiver: _____ .

     (2)  Defendant's Waiver: _____ .

         _____
         (Attorney for)(PLAINTIFF)(DEFENDANT)

       * * *

**Rule 1920.74. Form of Motion for Appointment of Master. Order[.]**

(a)     The motion for appointment of a master shall be substantially in the following form:

(Caption)

## MOTION FOR APPOINTMENT OF MASTER

_____ (Plaintiff) (Defendant)**[,]** moves the court to appoint a master with respect to the following claims:

(  ) Divorce

(  ) Annulment

(  ) Alimony

(  ) **Equitable** Division of Marital Property

(  ) Counsel Fees

(  ) Costs and Expenses

**(  ) Other: _____**

and in support of the motion states:

(1)     Discovery (is) (is not) complete as to the claim(s) for which the appointment of a master is requested.

(2)     The non-moving party (has) (has not) appeared in the action (personally) (by his or her attorney, _____, Esquire).

(3)     The statutory ground(s) for divorce (is) (are) _____ _____.

(4)     **If the master's appointment is for resolution of a divorce, an annulment, or ancillary claims, the parties have complied with Pa.R.C.P. Nos. 1920.31, 1920.33, and 1920.46, as applicable.**

**(5)     Check and complete the applicable[Delete the inapplicable**] paragraph(s):

☐     (a)     The action is not contested.

☐     (b)     An agreement has been reached with respect to the following claims: _____

_____.

☐     (c)     The action is contested with respect to the following claims: _____

_____.

([5]6) The action (involves) (does not involve) complex issues of law or fact.

([6]7) The hearing is expected to take _____ (hours) (days).

([7]8) Additional information, if any, relevant to the motion: _____

_____.

Date: _____

_____

Attorney for (Plaintiff) (Defendant)

\* \* \*

*Note:* **See Pa.R.C.P. No. 1920.51(a)(1)(ii) for the issues and claims for which the court may appoint a master.** It is within the discretion of the court to determine the point at which a master should be appointed in a case. **[The court may appoint a master to deal with discovery issues.]**